IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

N.G., BY AND THROUGH HIS
LEGAL GUARDIAN V.G,

    **Plaintiff,**

    v.

OHIO DEPARTMENT OF
DEVELOPMENTAL DISABILITIES, *et al.*,

    **Defendants.**

Civil Action 2:24-cv-2027
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court on Plaintiff's Motion to Compel. (Mot., ECF No. 79.) Defendants filed a response in opposition. (Resp., ECF No. 81.) Plaintiff filed a Reply. (Reply, ECF No. 84.) This matter is ripe for judicial review. For the following reasons, Plaintiff's Motion (ECF No. 79) is **DENIED without prejudice**.

Plaintiff "seeks discovery of communications and documents related to Defendants' decision to discharge" N.G. from the Southwest Ohio Developmental Center ("SODC"). (Mot. at PageID 898.) Defendants respond that Plaintiff's motion is premature and meritless. (Resp. at PageID 1171.)

The Court concludes that Plaintiff's Motion is premature. First, Plaintiff did not satisfy Local Rule 37.1. Local Rule 37.1 requires the parties to "exhaust[] among themselves all extrajudicial means for resolving their differences" before filing an objection, motion, application, or request relating to discovery. S.D. Ohio Civ. R. 37.1. Plaintiff contends that he satisfied his meet-and-confer obligations. (Mot. at PageID 1225.) Plaintiff, however, fails to reply to Defendants' assertion that Plaintiff did not respond to their invitation "to identify

specific documents on the Department's privilege log for the Department to reconsider."[1] (Resp. at PageID 1179.) The Court finds that the parties have not exhausted their requirement to meet and confer with regard to Defendants' privilege designations.

Second, Plaintiff failed to comply with the Court's Preliminary Pretrial Order, which requires the parties to arrange a conference with the Court if they are "***unable to reach an agreement on any matter related to discovery***." (ECF No. 49 (emphasis in original).) While the onus to arrange a conference is not necessarily on Plaintiff, it appears that Defendants did not have an opportunity to do so before Plaintiff filed his motion. Additionally, despite his assertion to the contrary, Plaintiff's "reference to Defendants' privilege objections" in a prior discovery conference is far from sufficient. Plaintiff's Motion, quite simply, is premature.

Finally, as Defendants note, it is difficult to discern what documents Plaintiff seeks. Plaintiff repeatedly characterizes his requests as "communications and documents related to Defendants' decision to discharge N.G. from the SODC" or "core documents." (*See, e.g.*, Mot. at PageID 898, 902, 904, 906.) Plaintiff fails to identify the documents he seeks with any specificity. The Court, therefore, presumes Plaintiff seeks the documents listed in Defendants' privilege log, particularly those highlighted by Plaintiff, that he requests in the alternative that the Court review *in camera*. (*Id.* at PageID 919; ECF No. 79-1.) There are **more than 200** highlighted documents. (ECF No. 79-1.) The Court declines to conduct an in camera review of every document without further development by Plaintiff explaining what documents he believes have been improperly withheld as privileged.

---

[1] The Court will refer to Defendant Ohio Department of Developmental Disabilities as "Department" in this Order.

Accordingly, the parties are **ORDERED** to meet and confer on the specific privilege designations that Plaintiff wishes to challenge.  In the event the parties cannot reach an agreement, they are **DIRECTED** to request letter briefing on why the Court should conduct an *in camera* review of the documents still in dispute.

The parties requested a discovery conference with the Undersigned while Plaintiff's Motion was pending.  Plaintiff seeks to depose the Department's in-house counsel, Bradley Singer.  Defendants argue that Plaintiff's demand is premature, given his pending Motion to Compel regarding Mr. Singer's emails.  The Court agrees.  The discovery conference set for October 2, 2025, is hereby **VACATED**.  Plaintiff is **PROHIBITED** from deposing Mr. Singer until the issues raised in his Motion are resolved.

**IT IS SO ORDERED.**

**Date: October 1, 2025**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**